## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

**CLARENCE A. ANTHONY,**

      Plaintiff.

v.

**FRANCISCO J. BARBA ALVAREZ,**
***et al.*,**

      Defendants.

Case No. 7:20-CV-191 (HL)

## ORDER

Before the Court is former defendant J & N Express, Inc. ("J & N Express")'s Motion for Entry of Judgment under Rule 54(b).  (Doc. 34.)  For the following reasons, J & N Express's motion (Doc. 34) is **DENIED.**

On September 9, 2022, the Court granted J & N Express summary judgment on all of Plaintiff Clarence A. Anthony's claims against it.  (Doc. 32.)  Consequently, J & N Express was terminated as a defendant in this case.  J & N Express now moves for entry of judgment under Federal Rule of Civil Procedure 54(b) on Anthony's claims against it, arguing that there is "simply no administrative interest in delay, and the issues that might be raised on appeal by the parties, if any such appeal is filed, are separate and distinct as to each claim against each defendant." (Doc. 34-1 at 3.)  Under Rule 54(b), "[w]hen an action presents more than one claim for relief … the court may direct entry of a final judgment as to one or more,

but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."   "Although the provision is worded permissively, appeals before the end of district court proceedings … are the exception, not the rule." *Peden v. Stephens*, 50 F.4th 972, 977 (11th Cir. 2022) (citing *Johnson v. Jones*, 515 U.S. 304, 309 (1995)).  Rule 54(b) specifically "operates to restrict" the number of appeals arising from cases with multiple claims. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956).

"A district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified under Rule 54(b)." *Lloyd Noland Found., Inc., v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). "First, the court must determine that its final judgment is, in fact, both final and a judgment." *Id.*  Second, if the final judgment is actually a final judgment, "the district court must then determine that there is no just reason for delay in certifying [its decision] as final and immediately appealable." *Id.*  In making this determination, the court may consider "judicial administrative interests—including the historic federal policy against piecemeal appeals—and the equities involved." *Id.* at 778. "[C]ertifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997).

Here, the Court's decision to grant J & N Express summary judgment on all claims against it was a final judgment.  (*See* Doc. 32); *Lloyd Noland Found.*, 483 F.3d at 777 ("the court's decision must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action, and a 'judgment' in the sense that it is a decision upon a cognizable claim for relief").  However, J & N Express has not shown that there is no just reason for delay.  This is not an "unusual case" in which the costs and risks of expanding the number of potential appeals are outweighed by a "pressing nee[d]" for a Rule 54(b) judgment.  *Ebrahimi*, 114 F.3d at 166.  J & N Express only argues that the issues are separate and distinct and that there is no administrative reason for delay. Although the issues may be separate and distinct, the judicial administrative interest of limiting the number of potential appeals from a single case outweighs J & N Express's arguments for a partial final judgment under Rule 54(b).  *Lloyd Noland Found.*, 483 F.3d at 778.

Accordingly, J & N Express's motion (Doc. 34) is **DENIED.**

**SO ORDERED** this 20th day of January, 2023.

> *s/Hugh Lawson*
> **HUGH LAWSON, SENIOR JUDGE**

aem